COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-03-462-CR

NO. 2-03-463-CR

 

 

 

LARRY DON
DOTSON                                                          APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 367TH DISTRICT COURT
OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Larry Don
Dotson appeals from the revocation of community supervision for two involuntary
manslaughter convictions.  Appellant
brings thirteen points on appeal, arguing that the trial court erred by
substituting the indictment upon revocation, improperly admitting certain State=s
exhibits over proper objection, improperly ordering the sentences to be served
consecutively, and accepting an involuntary plea.  We affirm the trial court=s judgment in 2-03-462-CR, but, because we hold that
the trial court improperly substituted the indictment in trial cause number
F-94-0113-E, we reverse the trial court=s judgment in 2-03-463-CR, reverse the underlying
conviction, and order the indictment in that case dismissed.

Background Facts

In June of 1994,
Appellant entered his pleas of guilty to the two indictments on file in the
official records of the Denton County District Clerk.  On June 9, 1994, the trial court found Appellant guilty of the
two cases of involuntary manslaughter and sentenced him to ten years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice in each case. The trial court suspended imposition of the two sentences
and placed Appellant on community supervision for ten years in each case.








On March 13, 2003,
the State filed a motion to revoke in each case.  Because the indictments in the two cases were exactly the same,
that is, each indictment named the same complainant, Appellant filed an
application for writ of habeas corpus to set aside his conviction in one of the
cases.  In response, the State filed a
motion to substitute a different document for the original indictment filed in
cause number F-94-0113-E, cause number 2-03-463-CR on appeal.  On August 15, 2003 and October 24, 2003, the
trial court heard the motion and granted it; then the trial court denied relief
on Appellant=s application for writ of habeas corpus.  Next, the trial court heard the motions to
revoke and granted them.  Appellant
timely appealed.

Void Conviction








In his second and
third points, Appellant contends that the trial court erred in substituting the
original indictment in F-94-0113-E with a purported intended original
indictment under article 21.25 of the Texas Code of Criminal Procedure,
violating his rights under Article One, sections ten, fourteen, and nineteen,
and Article Five, section twelve of the Texas Constitution and the Fifth,
Sixth, and Fourteenth Amendments of the United States Constitution.  The State argued that there was a clerical
error in the indictment in cause number F-94-0113-E that named the same
complainant as the indictment in cause number F-94-0112-E.  The State sought to substitute a document
from its file that purports to be the original indictment in cause number
F-94-0113-E.  The document in the State=s file
is an indictment that lists cause number F-94-0113-E, names Natalie Gale as the
injured party, and is signed by the District Attorney and the grand jury
foreman.  It bears the clerk=s file
stamp of January 27, 1994, the same date as the indictment in the clerk=s file
in the same cause number that names Tracy Carlton as the injured party.  The evidence from the revocation hearing
reveals that the file of Appellant=s trial counsel from his original plea hearing and the
file of the Denton County probation department contain only the indictment
naming Natalie Gale as the injured party in this case.

The trial judge
stated that she was convinced from the testimony that Appellant=s
defense counsel at the time of the original plea knew that there were two
different cases and Atwo different victims, and would never have pled the
defendant to two cases charging the exact same crime.  And [the trial judge] believe[d] that arguably the statute can
cover this instance of a clerical error.@  The trial
judge granted the State=s motion to substitute in cause number F-94-0113-E.

The original
indictment named ATracy Carlton@ as the injured party, just as the indictment in cause
number F-94-0112-E.  After the trial
court granted the State=s motion to substitute, the substituted indictment
named ANatalie Gale@ as the injured party.  The State relied on article 21.25 of the Texas Code of Criminal
Procedure as authority for the substitution. 
Article 21.25 provides: 








When an indictment
or information has been lost, mislaid, mutilated or obliterated, the district
or county attorney may suggest the fact to the court; and the same shall be
entered upon the minutes of the court. 
In such case, another indictment or information may be substituted, upon
the written statement of such attorney that it is substantially the same as
that which has been lost, mislaid, mutilated, or obliterated.  Or another indictment may be presented, as
in the first instance, and in such case, the period for the commencement of the
prosecution shall be dated from the time of making such entry.[1]

 

Article 21.25 does
not provide authority for the actions of the trial court in cause number
2-03-463-CR.  The record does not
reflect that the indictment was lost, mislaid, mutilated, or obliterated.  The indictment was filed with the district
clerk and remained in the district clerk=s file.  The
record reflects that the grand jury returned an indictment naming Natalie Gale
as the injured party, but Appellant did not plead to that indictment and that
indictment was not in the file in cause number F-94-0113-E until after the
trial court granted the State=s motion to substitute, almost nine years after the
plea.








In June 1994,
Appellant was finally convicted of involuntary manslaughter of Tracy Carlton in
two separate cases.  At the revocation
hearing in 2003, Appellant objected in the trial court to twice being revoked
and sentenced for the same offense.  Additionally,
Appellant raises his double jeopardy complaint on appeal.  Even if he had not raised the issue below,
because of the fundamental nature of double jeopardy protections, a double
jeopardy claim may be raised for the first time on appeal or for the first time
on collateral attack when the double jeopardy violation is clearly apparent on
the face of the record, and when the enforcement of the usual rules of
procedural default serves no legitimate state interests.[2]








In the case now
before this court, the double jeopardy violation is clearly apparent on the
face of the record, and to find procedural default serves no legitimate state
interest.  Further, Appellant did not
raise the issue for the first time on appeal or in a collateral attack, and the
trial court had the opportunity to take corrective action.  Appellant has timely challenged the
violation of the double jeopardy provisions of both state and federal
constitutions.[3]  We therefore hold that the conviction in
cause number 2-03-463-CR is void.  The
State cannot breathe life into a void judgment by substituting a different
indictment almost nine years after Appellant was convicted under the original
indictment.  We therefore sustain
Appellant=s second and third points, reverse the trial court=s
judgment in cause number 2-03-463-CR as well as the underlying conviction, and
order the dismissal of the indictment as a violation of the double jeopardy
protections of the state and federal constitutions.  Because of our disposition of cause number 2-03-463-CR, we do not
address the remaining points.[4]

Conclusion

Having sustained
Appellant=s second and third points, we affirm the trial court=s
judgment in cause number 2-03-462-CR, reverse the trial court=s
judgment in cause number 2-03-463-CR, reverse the underlying conviction, and
order the dismissal of the indictment in that cause on double jeopardy grounds.
We remand cause number 2-03-463-CR to the trial court for proceedings
consistent with this opinion.

 

LEE ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT,
HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  March 23, 2006











[1]Tex. Code Crim. Proc. Ann. art. 21.25 (Vernon 1989).





[2]Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).





[3]See U.S.
Const. amend. V; Tex. Const. art.
I, ' 14; see also Tex.
Code Crim. Proc. Ann. art. 1.10 (Vernon 2005).





[4]See Tex. R. App. P. 47.1.